**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JAMES ORICK, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | No. 4:25-CV-01767 RWS |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on movant's response to the Court's Order to Show Cause why his amended motion to vacate, set aside, or correct sentence brought pursuant to 28 U.S.C. § 2255 should not be summarily dismissed.[1] Having carefully reviewed movant's response, and for the reasons discussed below, the Court will dismiss this action as time-barred.

**Background**

On July 30, 2009, movant was charged in a seven-count indictment with possession of child pornography. *United States v. Orick*, No. 4:09-CR-00491 RWS (E.D.Mo.). On January 12, 2010, movant pled guilty to all seven counts of the indictment, and in return, the government agreed that no further federal prosecution would be brought in this district relative to movant's possession of child pornography between July 14, 2008, and September 18, 2008. On May 28, 2010, the Court sentenced movant to a total term of imprisonment of fifty-seven (57) months, followed by a lifetime of supervised release. Movant did not appeal. *Id.*

[1] Movant's amended motion to vacate is the operative pleading in this action, but the Court does not use the December 31, 2025, filing date in its timeliness analysis under 28 U.S.C. § 2255(f). Instead, the Court uses the date movant signed his "Motion to Correct Judgement [sic] Pursuant to Rule 36 Fed.R.Crim.P." in his criminal action, which was November 8, 2025. *United States v. Orick,* No. 4:09-CR-00491 RWS (E.D.Mo.), ECF No. 84. This motion was utilized by the Court to open the present action under 28 U.S.C. § 2255 on December 4, 2025.

Movant was released from prison and began his term of supervised release on September 30, 2014. As part of the special conditions of his release, he was mandated to participate in a drug and alcohol abuse treatment program approved by the United States Probation Office. However, when interviewed by a Probation Officer on February 21, 2015, movant admitted that he had failed to register for the program. Additionally, as part of the special conditions of his supervised release, he was mandated to participate in, cooperate with and complete a sex-offense specific treatment program. When interviewed during polygraph testing on April 18, 2015, regarding his participation in the treatment program, it was found that movant had failed to comply with the restrictions of his supervised release regarding this program.

On June 27, 2017, during an interview with the U.S. Probation Office, movant admitted that he had access to two cellphones with internet capability in violation of his supervised release conditions, one of which revealed stored images of child pornography. In all, movant incurred three violations of his supervised release conditions, on February 21, 2015, April 18, 2015, and June 27, 2017. On July 11, 2017, the Court issued a warrant for movant's arrest.

Movant was arrested at his residence on July 14, 2017. At the time of his arrest, he was found with an LG smartphone on his person with internet capability in violation of his general supervised released conditions. Forensic examination later revealed child pornography on the phone and on a MicroSD card in the phone. A detention hearing was held before Magistrate Judge Noelle C. Collins on July 18, 2017. Movant waived his preliminary hearing, and he was ordered detained by Judge Collins.

A supervised release revocation hearing was held in this Court before the Honorable Jean C. Hamilton on November 8, 2017. Movant was represented by counsel at the hearing, and he was charged with seven supervised release violations in total, including the two special condition

violations set forth above, on the dates of February 21, 2015, and April 18, 2015, and five general conditions from the date of his arrest on July 14, 2017. On November 8, 2017, movant was sentenced to a total term of imprisonment of fourteen (14) years, followed by a lifetime of supervised release. Movant did not appeal.

On November 8, 2025, movant filed a "Motion to Correct Judgement [sic] Pursuant to Rule 36 Fed.R.Crim.P." in his criminal action. *United States v. Orick*, No. 4:09-CR-00491 RWS (E.D.Mo.), ECF No. 84. The Court denied movant's motion on December 4, 2025, ECF No. 86, but because the motion also sought to set aside his supervised release revocation, the Court directed the Clerk to utilize movant's motion to open a new action brought pursuant to 28 U.S.C. § 2255. On December 15, 2025, the Court ordered movant to file an amended motion to vacate in this § 2255 action, *see* ECF No. 3, and he did so on December 31, 2025. [ECF No. 4]. On January 12, 2026, the Court reviewed the amended motion and determined that it appeared time-barred under the one-year period of limitation pursuant to 28 U.S.C. § 2255(f)(1). [ECF No. 5]. Movant was ordered to show cause why his amended motion to vacate should not be summarily dismissed. *See id.*

Movant's amended motion concerns the process used to adjudicate the revocation of his supervised release, as well as the sentence imposed therein. [ECF No. 4]. He asserts that his counsel was ineffective for waiving his preliminary hearing and for failing to exert speedy trial rights "after more than 90 days." [ECF No. 4 at 3]. Movant further objects to the preponderance of the evidence standard used during the revocation hearing. He believes that he was tried in violation of the double jeopardy clause, and he asserts that he was sentenced in violation of the statutory maximum under 18 U.S.C. § 3583. *Id.* at 3-4. He next argues that the circumstances of the supervised release process required him to violate his due process rights and testify against his

own interests. *Id.* at 5. Last, movant alleges that a lifetime supervision sentence is grossly disproportionate to the severity of his offense. *Id*.

**Discussion**

As set forth in the Order to Show Cause entered on January 12, 2026, a judgment of conviction becomes "final" when direct review concludes. *See Camacho v. Hobbs,* 774 F.3d 931, 933 (8th Cir. 2015). Where, as here, movant failed to seek direct review of his supervised release revocation entered on November 8, 2017, it became final fourteen (14) days later November 22, 2017. *See Anjulo-Lopez v. United States*, 541 F.3d 814, 816 n.2 (8th Cir. 2008); *Never Misses A Shot v. United States*, 413 F.3d 781, 782 (8th Cir. 2005); Fed. R. App. P. 4(b)(1)(A). As a result, the one-year period of limitations under 28 U.S.C. § 2255 expired on November 22, 2018. The original motion to vacate was signed by movant on November 8, 2025. *See United States v. Orick*, No. 4:09-CR-00491 RWS (E.D.Mo.), ECF No. 84. Therefore, movant's motion to vacate was filed approximately seven (7) years too late.

Movant's response to the Order to Show Cause, filed on February 2, 2026, does not dispute the Court's summary of the timeline, nor does he dispute that his § 2255 motion is untimely. Instead, movant makes several substantive arguments against both his underlying conviction and his revocation. [ECF No. 6]. He first asserts that the statute of limitations should be tolled because he is "actually innocent" of the alleged violations, purportedly upon which his revocation is predicated on. [ECF No. 6 at 6]. He next alleges that he has been charged for the same conduct utilizing the same evidence, which he believes is double jeopardy. *See id*. Last, movant argues that his 14-year sentence is "12 years beyond the statutory maximum." [ECF No. 6 at 8]. The Court will first address movant's contentions that he was subjected to a sentence that was more than the

statutory maximum and also subject to double jeopardy when he was assessed his revocation sentence.

At movant's final supervised release revocation hearing held on November 8, 2017, movant waived the hearing and admitted to each of the violations. *See United States v. Orick*, No. 4:09-CR-00491 RWS (E.D.Mo.), ECF No. 85 at 2. Nevertheless, the Court reviewed each of the offenses with movant, and he admitted violations to each of the conditions of his supervised release. *See id* at 2-5. Movant's attorney then indicated that she had negotiated with the government regarding their recommendation of a 14-year sentence for movant. *Id*. The government was willing to waive pursuing charges related possession of child pornography on the phones found with movant, if he agreed to the 14-year sentence. *Id*. at 5-6. These are permissible considerations for a district court to weigh when imposing a revocation sentence. *See United States v. Starr*, 111 F.4th 877, 880 (8th Cir. 2024) (affirming revocation sentenced based on the defendant's "continued inability to adhere to the terms of her supervised release, and the danger in which she had placed" others).

To the extent movant is asserting that his revocation sentence is unconstitutional because the punishment available for his revocation sentence was increased past the statutory maximum, the Court disagrees with his assertions. Movant's apparent ground for such a belief is based on the Supreme Court's decision in *United States v. Haymond*, 139 S. Ct. 2369 (2019). *Haymond* addressed the constitutionality of 18 U.S.C. § 3583(k), which requires a district court to revoke a term of supervised release and impose a term of reimprisonment for a minimum of five years if a sex offender commits an additional federal offense relating to sexual misconduct. *Id.* at 2374. The defendant challenged the constitutionality of that provision, arguing that imposing a mandatory

minimum term for a new crime requires a jury trial, even if the term is imposed through a supervised-release revocation. *Id*. at 2374–75.

In the Supreme Court's decision, no opinion garnered a majority, but the controlling opinion is that of Justice Breyer. *See United States v. Henderson*, 998 F.3d 1071, 1076 (9th Cir. 2021) ("Justice Breyer's separate concurrence in the judgment is therefore controlling."); *see also United States v. Stahl,* 839 F. App'x 22, 24 (7th Cir. 2021) (referring to Justice Breyer's opinion as "the controlling opinion"). Justice Breyer began by rejecting the defendant's broader arguments. *Haymond*, 139 S. Ct. at 2385 (Breyer, J., concurring in the judgment). In discussing supervised release in general, he concluded that "the role of the judge in a supervised-release proceeding is consistent with traditional parole," which does not carry a jury-trial right. *Id*.

Justice Breyer nonetheless concluded that § 3853(k), the narrow provision at issue, was unconstitutional based on "three aspects of this provision, considered in combination," which made it operate "less like ordinary revocation and more like punishment for a new offense, to which the jury right would typically attach." *Haymond*, 139 S. Ct. at 2386 (Breyer, J.). First, § 3583(k) applies only when the violation constitutes a federal offense. *Id.* Second, it mandates revocation, taking away a judge's discretion. *Id.* Third, it sets a mandatory minimum prison term of five years. *Id*. "Taken together," Justice Breyer concluded, "these features of § 3583(k) more closely resemble the punishment of new criminal offenses, but without granting a defendant the rights, including the jury right, that attend a new criminal prosecution." *Id*.

Following *Haymond*, the Eighth Circuit reaffirmed that the Fifth and Sixth Amendments do not prohibit a § 3583(e) post-revocation prison sentence based on judicial findings under a preponderance standard. *United States v. Childs*, 17 F.4th 790, 792 (8th Cir. 2021). In *Childs*, the Eighth Circuit held that a defendant's otherwise reasonable sentence for violating the terms of

supervised release could exceed, when aggregated with the time the defendant was imprisoned for the underlying crime, the maximum statutory sentence for the underlying crime. 17 F.4th at 792-793. Implicit in this holding was the determination that, as a constitutional matter, the determination of whether a defendant had violated a condition of supervised release could be made by a judge without a jury, and that the judge could determine the resulting sentence. *United States v. Wilson*, 939 F.3d 929, 932-33 (8th Cir. 2019). This is because when a district court revokes a movant's supervised release and imposes a revocation sentence, the revocation sentence is part of the penalty for the initial offense and does not punish the new offense that led to the revocation. *United States v. Watters*, 947 F.3d 493, 496 (8th Cir. 2020). "Where the acts of violation are criminal in their own right, they may be the basis for separate prosecution, which would raise an issue of double jeopardy if the revocation of supervised release were also punishment for the same offense." *Johnson v. United States*, 529 U.S. 694, 700, (2000). To avoid double jeopardy, the revocation sentence sanctions only the movant's breach of trust arising from the failure to follow court-ordered conditions. *Wilson*, 939 F.3d at 931-32. The Court's revocation sentence in this instance did not impermissibly punish movant's new criminal conduct. Rather, as the Court explained at movant's supervised release revocation hearing, the revocation sentence was informed by movant's ongoing criminal conduct.

Movant last argues a gateway innocence claim. *See* ECF No. 6 at 6. A sufficient showing of "actual innocence" can provide "a gateway through which a [movant] may pass" to reach the merits of a post-conviction challenge despite a procedural default or the expiration of the statute of limitations. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). To establish a gateway innocence claim, a movant must show that it is more likely than not that, "in light of the new evidence, no

reasonable juror would find him guilty beyond a reasonable doubt." *House v. Bell*, 547 U.S. 518, 538 (2006) (discussing *Schlup v. Delo*, 513 U.S. 298, 329 (1995)).

In this case, movant's gateway innocence claim fails because he does not present any new exculpatory evidence regarding his possession of child pornography or the other supervised release violations. Movant claims in his response brief that he never admitted to having access to cell phones which were ultimately found with child pornography. [ECF No. 6 at 4]. However, at his supervised release revocation hearing held on November 8, 2017, the following testimony was given:

> THE COURT: And do you understand that you do have the right to have a hearing on these allegations?
>
> THE DEFENDANT: Yes, Your Honor.
>
> THE COURT: And is it your decision, after speaking with your attorney, to waive or give up your right to a hearing?
>
> THE DEFENDANT: Yes, Your Honor.
>
> THE COURT: Let me just ask you a few questions. There is an allegation that you violated Special Condition No. 2 about participating in drug or alcohol abuse treatment. And the allegation here is that you failed to report for substance abuse testing on February 21 of 2015. Is that allegation correct?
>
> THE DEFENDANT: Yes, Your Honor.
>
> THE COURT: There's an allegation you violated Special Condition 6 about participating in sex offense-specific treatment programs. And here the allegation is you participated in polygraph testing on October 9 of 2014 and April 8 of 2015 and you displayed some traits characteristic of deceptive responses during the polygraph on October 9 of 2014, and while participating in the examination on April 8, you displayed inconsistent breathing patterns which made the test inconclusive. Are those allegations correct?
>
> THE DEFENDANT: Yes, Your Honor
>
> THE COURT: Then there are allegations that you violated the general condition about not committing another crime; Special Condition 10 about not possessing obscene--material deemed obscene or inappropriate by the probation office or

> treatment staff; and Special Condition 13 about not possessing or using a computer, gaming equipment with web or internet capability, and any audio/visual equipment without permission; and that you violated Special Condition 14 about not possessing or using computer or peripheral equipment or any other device with access to online computer services; and that you violated Special Condition 15 about advising the probation officer of all computer or electronic equipment and web-enabled equipment to which you have access within 24 hours of obtaining access. The allegations here indicate that in June of this year, you reported for polygraph -- for a polygraph examination, which indicated that you were being deceptive, and denied having any hidden contraband. And later you admitted that you had possession of two undisclosed cell phones and then, upon forensic examination, it was revealed that on those cell phones there was child pornography. And on July 14 of this year, you were arrested, and as part of that, the marshals seized a smart phone. And, again, upon forensic evaluation, it was determined there was child pornography on that and on a micro -- a 4-gigabytes micro SD card that also indicated further child pornography. Are those allegations correct?
>
> THE DEFENDANT: Yes, Your Honor.
>
> THE COURT: Based upon the admissions of the offender, the Court finds that he has violated those provisions of his supervised release. At this time, the Court finds that supervised release shall be revoked.

*See United States v. Orick*, No. 4:09-CR-00491 RWS (E.D.Mo.), ECF No. 85 at 2-5. Thus, movant waived any arguments he could have made that he was actually innocent of the supervised release violations he was charged with.

Movant also asserts that he is "innocent" of various "sentencing factors" or guideline issues that were applied against him, but those issues do not impact an assessment of the evidence as to whether movant possessed child pornography. *See Bousley v. United States*, 523 U.S. 614, 623 (1998) ("It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency").

Movant's response to the Order to Show Cause does not dispute the Court's summary of the timeline, nor does he dispute that his § 2255 motion is untimely. Additionally, movant is also not entitled to any equitable tolling. Equitable tolling "affords the otherwise time-barred [movant] an exceedingly narrow window of relief." *Jihad v. Hvass*, 267 F.3d 803, 805 (8th Cir. 2001). The

one-year limitations period may be equitably tolled if a movant demonstrates: (1) he has been diligently pursuing his rights; and (2) an extraordinary circumstance stood in his way and prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010); *Muhammad v. U.S.,* 735 F.3d 812, 815 (8th Cir. 2013). The information provided within movant's response does not constitute extraordinary circumstances and does not evidence that he has pursued his rights diligently.

To the extent movant asserts that he was innocent of the charges for which he was convicted, this does not save his untimely motion to vacate. Although a showing of actual innocence may excuse an untimely filing, a movant must "show some action or inaction on the part of respondent that prevented him from discovering the relevant facts in a timely fashion, or at the very least, that a reasonably diligent [movant] could not have discovered these facts in time to file a petition within the period of limitations." *Flanders v. Graves*, 299 F.3d 974, 978 (8th Cir.2002). He has failed to make such allegations.

Additionally, there is no indication that movant's claims of actual innocence are credible such that they should toll the statute of limitations. *See McQuiggin,* 569 U.S. 387 (in which the Court held that "actual innocence, if proved, serves as a gateway through which a [movant] may pass . . . [through the] expiration of the statute of limitations"). "To be credible, [a claim of actual innocence] requires [movant] to support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial." *Schlup*, 513 U.S. at 324. In this case, the only evidence put forward by movant is his own conclusory allegations. Here, movant has failed to explain how any act of respondent prevented him from filing a motion to vacate in a

timely fashion. Movant could have raised his claims for actual innocence in a timely motion to vacate, and failing to timely raise these issues means that he is now barred from doing so.

Based on the aforementioned, movant's amended motion to vacate will be denied and dismissed as time-barred. The Court will deny a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that movant amended motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 [ECF No. 4] is **DENIED AND DISMISSED**, without prejudice, as time-barred under 28 U.S.C. § 2244(d)(1). A separate Order of Dismissal shall accompany this Opinion, Memorandum and Order.

**IT IS FURTHER ORDERED** that movant is **DENIED** a certificate of appealability if he appeals this Order of Dismissal.

Dated this 25th day of September, 2026.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE